GIMIGLIANO MAURIELLO & MALONEY
A Professional Association
Robert W. Mauriello, Jr.
Robin Rabinowitz
163 Madison Avenue, Suite 500
P.O. Box 1449
Morristown, New Jersey 07962-1449
(973) 946-8360

Attorneys for Plaintiff
Citadel Wellwood Urban Renewal LLC

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CITADEL WELLWOOD URBAN RENEWAL LLC,<br><br>Plaintiff,<br><br>v.<br><br>BOROUGH OF MERCHANTVILLE; EDWARD F. BRENNAN; ANTHONY J. PERNO, III; DANIEL J. SPERRAZZA; ANDREW O. McCLOONE; and DENISE BROUSE,<br><br>Defendants. | CIVIL ACTION NO.:<br><br><br>CIVIL ACTION<br><br>COMPLAINT AND JURY DEMAND |

Plaintiff Citadel Wellwood Urban Renewal LLC ("Citadel"), with principal offices located at DePetro Real Estate Organization LLC, 201 Union Lane, Suite B, Brielle, New Jersey 08730, hereby states as follows by way of Complaint against defendants Borough of Merchantville (the "Borough"), Edward F. Brennan ("Mayor" or "Brennan"), Anthony J. Perno, III ("Perno"), Daniel J. Sperrazza ("Sperrazza"), Andrew O. McCloone ("McCloone," and together with Perno and Sperrazza, the "Ad Hoc Committee"), and Denise Brouse ("Brouse" or "Borough Clerk") (collectively, "Defendants"), with offices located at One West Maple Avenue, Merchantville, New Jersey 08109:

1

## NATURE OF THE ACTION

1.      Citadel brings this civil-rights action under 42 U.S.C. § 1983 and New Jersey state law because the Borough, the Mayor, the Ad Hoc Committee, and the Borough Clerk have deprived Citadel of its constitutionally protected rights to property and equal protection by irrationally and twice summarily denying Citadel's request to sell land within one of the Borough's redevelopment areas, and to transfer certain tax incentives Citadel was granted as redeveloper of that land, to a qualified purchaser.

2.      As explained in detail below, Defendants' decisions, without any explanation or analysis, are at best arbitrary and capricious and at worst are motivated by discriminatory and Anti-Semitic bias against Citadel's proposed purchaser, whose principal is of the Orthodox Jewish faith.

3.      The rights at issue in this case concern an affordable housing project located at 606 West Maple Avenue ("Wellwood Manor") within the Borough's West Maple Redevelopment Area.  After being designated as the redeveloper of Wellwood Manor, Citadel acquired Wellwood Manor by condemnation and entered into a Financial Agreement for a tax PILOT guaranteeing the property thirty years of stable taxes with the Borough.  Over the ensuing years, Citadel rehabilitated Wellwood Manor at considerable cost and expense and has fulfilled all of its obligations for the redevelopment.

4.      After spending in excess of three million dollars on improvements, the Borough's fees, fines and liens against the previous owner of Wellwood Manor, and Annual Service Charges under the Financial Agreement, Citadel having completed the redevelopment in its entirety over eight years prior, subsequently entered into a contract to sell Wellwood Manor

and transfer the Financial Agreement to Maple Gardens Urban Renewal Entity, LLC (the "Purchaser").

5.      In accordance with the terms of the Redeveloper Agreement, the Financial Agreement, and the Borough's Redevelopment Plan, Citadel sought the Borough's consent to the sale and transfer of the Financial Agreement.  The Borough violated the terms of the Financial Agreement and refused to so much as consider Citadel's request in its initial "decision."   Only after a New Jersey state court ordered the Borough to "make an official decision on plaintiff's request to sell the property with the tax benefits" did Defendants undertake their second decision. In response to this ruling, the Mayor appointed the Ad Hoc Committee to investigate Citadel's request and then make a recommendation to the Borough Council.  Despite receiving voluminous documents regarding the proposed transaction and conducting two interviews with the principal of the Purchaser, the Borough Council summarily denied Citadel's request based on the verbal report of the Ad Hoc Committee without any public disclosure of the discussions, analysis or evaluation, let alone providing an actual reason for its summary denial to Citadel.

6.      From the appointment of the Ad Hoc Committee through to the Borough's summary rejection of Plaintiff's request, Defendants obstructed Plaintiff's access to the decision-makers, obscured the standards being applied, and failed to provide any rationale for their decisions.  Moreover, Defendants deprived Plaintiff of its property and equal protection rights in service of their irrational, unlawful, and biased animus toward the Purchaser.  This lawsuit seeks to remedy the substantial harm already inflicted by Defendants upon Plaintiff by permitting the sale of Wellwood Manor, and the transfer of the Financial Agreement, to go forward, thereby allowing Purchaser to contribute to the West Maple Avenue neighborhood and to allow Plaintiff to sell his investment to a fully-qualified purchaser of the Jewish faith.

3

PARTIES

7.      Citadel Wellwood Urban Renewal LLC is a New Jersey urban renewal limited liability company with its principal offices at DePetro Real Estate Organization LLC, 201 Union Lane, Suite B, Brielle, New Jersey 08730.

8.      The Borough of Merchantville is a municipal corporation of the State of New Jersey having its principal place of business at One West Maple Avenue, Merchantville, New Jersey 08109.

9.      Edward F. Brennan, an individual, is the Mayor of the Borough of Merchantville whose principal office is located in the Mayor's Office at One West Maple Avenue, Merchantville, New Jersey 08109.  Upon information and belief, Edward Brennan is not of the Jewish faith.

10.     Anthony J. Perno, III, an individual, is the President of the Borough Council of the Borough of Merchantville whose principal office is located in the Borough Council Offices at One West Maple Avenue, Merchantville, New Jersey 08109.  Upon information and belief, Anthony J. Perno, III is not of the Jewish faith.

11.     Daniel J. Sperrazza, an individual, is a member of the Borough Council of the Borough of Merchantville whose principal office is located in the Borough Council Offices at One West Maple Avenue, Merchantville, New Jersey 08109.  Upon information and belief, Daniel J. Sperrazza is not of the Jewish faith.

12.     Andrew O. McCloone, an individual, is a member of the Borough Council of the Borough of Merchantville whose principal office is located in the Borough Council Offices at One West Maple Avenue, Merchantville, New Jersey 08109.  Upon information and belief, Andrew O. McCloone is not of the Jewish faith.

13.     Denise Brouse, an individual, is the Borough Clerk of the Borough of Merchantville whose principal office is located in the Borough Clerk's Office at One West Maple Avenue, Merchantville, New Jersey 08109.   Upon information and belief, Denise Brouse is not of the Jewish faith.

## JURISDICTION AND VENUE

14.     This action is brought under 42 U.S.C. § 1983 and state law.  The court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, and supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367.

15.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because all of the Defendants are residents of the State of New Jersey and all of the events, acts, and omissions giving rise to the claims in this matter occurred in Merchantville, New Jersey, which is within this District.

## CITADEL'S REDEVELOPMENT OF WELLWOOD MANOR

16.     On or about June 13, 2011, the Borough adopted its "Plan for Redevelopment and Rehabilitation:  West Maple Avenue" (the "Redevelopment Plan").  One of the primary objectives of the Redevelopment Plan was the historic restoration and rehabilitation of 606 West Maple Avenue, Block 9, Lots 2 and 3 ("Wellwood Manor").

17.     On or about September 26, 2011, Citadel was designated as the redeveloper of Wellwood Manor.

18.     Citadel and the Borough entered into a "Redeveloper Agreement for West Maple Avenue Redevelopment Area, Merchantville, NJ" (the "Redeveloper Agreement").

19.     On or about December 12, 2011, Citadel acquired Wellwood Manor by condemnation initiated by the Borough.  Because of intervening appeals, the amount of just

compensation owed to the previous owner was not finally determined until June 2016, at which time Citadel paid $270,000 for Wellwood Manor.

20.     Pursuant to the Redeveloper Agreement, Citadel also paid $135,230.82 of Borough legal fees, including fees from the condemnation action and fees for processing the transfer request that is the subject of this action, $112,165.19 of legal fees for specialty condemnation counsel, and $60,000 of previously outstanding fines and liens incurred by the former owner of Wellwood Manor.

21.     On February 22, 2013, Citadel and the Borough entered into a "Financial Agreement pursuant to the Long Term Tax Exemption Law, N.J.S.A. 40A:20-1, et seq." (the "Financial Agreement").

22.     On or about August 1, 2013, Citadel completed the rehabilitation of Wellwood Manor, at a cost of more than $3.5 million, as confirmed by an independent audit.

23.     On August 20, 2013, the Borough issued a Certificate of Occupancy for Wellwood Manor.

24.     On or around November 2013, Citadel began paying the Annual Service Charge, as defined in the Financial Agreement.  Citadel has paid the Annual Service Charge to the Borough every year since 2013, which the Borough has consistently accepted without objection or other comment.

25.     On January 21, 2020, the Borough adopted the Master Plan Reexamination Report Prepared for the Merchantville Joint Land Use Board ("Reexamination Report").  The Reexamination Report acknowledged that Citadel has "significantly rehabilitated 606 West Maple Avenue, known as Wellwood Manor."

## CITADEL'S REQUEST TO SELL WELLWOOD MANOR

26.     On or around February 2020, Citadel entered into a contract to sell Wellwood Manor to Maple Gardens Urban Renewal Entity, LLC (the "Purchaser").

27.     Samual Haikins, the managing member of the Purchaser, has the capital, financing and experience required to own, operate and further develop Wellwood Manor for the benefit of the Borough.  Mr. Haikins is of the Jewish faith.

28.     Mr. Haikins is the managing partner of a real estate investment firm and has extensive experience in property management. Mr. Haikins and his partners were approved by the municipality to assume the financial agreement for the Pinnacle Luxury High Rise Apartment Building, a partially municipally sponsored affordable housing and market rate development project in Fort Lee, New Jersey, after the project's initial developer completed construction and obtained a certificate of occupancy.

29.     Additionally, there is no question that the Purchaser is financially-qualified to maintain Wellwood Manor – Mr. Haikins made clear to Defendants that he and his partners plan to capitalize the Purchaser with $1.5 million and have obtained a mortgage commitment from Kearny Federal Savings Bank.

30.     Citadel advised the Borough of its intent to sell Wellwood Manor by email dated March 17, 2020, and requested dates and times for the Mayor to meet with the Purchaser. On April 17, 2020, having received no response to its previous email, Citadel once again requested dates and times for the Mayor to meet with the Purchaser.

31.     The Borough finally responded on April 22, 2020, requesting information about the Purchaser.  The Purchaser provided the requested information, including contact information, references, and a summary if its experience, to the Borough on May 7, 2020.

32.     The Borough failed, or refused, to communicate with the Purchaser or its references, or to take any other action to investigate the Purchaser's qualifications to take over as redeveloper of Wellwood Manor.

33.     In response to the Borough's dilatory behavior, Citadel repeatedly enquired about the status of its transfer request, including by letter dated May 13, 2020 and by phone on June 29, 2020.

34.     By letter dated June 29, 2020, the Borough attorney advised Citadel that the Borough "will not be considering a Resolution to permit the assumption of the terms, conditions and obligations of this [Financial] Agreement by a transferee urban renewal entity person, partnership and/or corporation."

35.     On August 12, 2020, Citadel filed a complaint in New Jersey state court seeking a declaration that the Borough's June 29, 2020 refusal to consider a Resolution permitting the sale of Wellwood Manor and transfer the Financial Agreement to the Purchaser was arbitrary, capricious, unreasonable, and unlawful.

36.     On April 22, 2021, the state court ordered the Borough to "make an official decision on plaintiff's request to sell the property with the tax benefits pursuant to the terms of the Financial Agreement."

<u>DEFENDANTS' REJECTION OF PURCHASER</u>

37.     On May 10, 2021, the Mayor appointed Perno, Sperrazza, and McCloone to an ad hoc committee to "review the request for the transfer of the [Financial] Agreement to transfer the tax benefits with the sale of the property" and "report back to Mayor and Council with a recommendation."

38.     The Mayor and the Ad Hoc Committee met with Mr. Haikins and his financial advisor on June 11, 2021.  The Borough Clerk did not make an audio or video recording of the meeting and did not take any notes at the meeting.

39.     The Mayor and the Ad Hoc Committee met with Mr. Haikins and his attorney on August 6, 2021.

40.     Citadel has heard that Defendants have borne great animus towards Orthodox Jewish landlords owning developments in the Borough and considered them slumlords, demonstrating an Anti-Semitic bias toward Purchaser as a member of the Orthodox Jewish faith.  There is simply no question that Purchaser, and Mr. Haikins, are financially qualified and experienced developers.

41.     The Ad Hoc Committee apparently made a verbal recommendation to the Borough Council at the August 9, 2021 Council meeting.  The Borough Clerk has not posted any minutes from the August 9, 2021 Council meeting on the Borough's web site.  Citadel has not otherwise received any information regarding the analysis or explanation of whatever verbal recommendation was made to the Borough Council.

42.     The Borough Council found that "a transfer [of] the terms and conditions of the Financial Agreement to Maple Gardens Urban Renewal Entity, LLC, the proposed purchaser of 606 West Maple Avenue, would not be in the best interests of the citizens of the Borough of Merchantville."  Again, no analysis or explanation for this finding was provided in the Borough's Resolution nor was any provided to Citadel.

43.     The Mayor and Council resolved that the application "for a transfer of the terms and conditions of the Financial Agreement pursuant to the Long-Term Tax Exemption Law, N.J.S.A. 40A:20-1, et seq., which included a Payment In Lieu of Taxes, relative to the real

property taxes on the Property, entered into by Merchantville and Citadel Westwood on February 22, 2013, be and herby is declined."

## FIRST COUNT
### (Violation of Procedural Due Process Rights; 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution)

44.     Citadel  incorporates by reference each and every allegation contained in paragraphs 1 through 43 as if fully set forth herein.

45.     Title 42, United States Code, Section 1983, prohibits persons acting under color of law from depriving any person of any rights, privileges, or immunities secured by the Constitution and laws of the United States.

46.     In relevant part, 42 U.S.C. § 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

47.     Plaintiff is a person protected by this statute, the United States Constitution, and law.

48.     Among Plaintiff's civil rights is the right not to be deprived of its property without due process of law, including the procedural due process rights protected under the Fourteenth Amendment to the United States Constitution.

49.     Plaintiff's rights include the right to use and enjoy its property, both real and personal, including its property rights in Wellwood Manor and its redevelopment rights under the Redeveloper Agreement and the Financial Agreement.

50.     The actions of all Defendants, collectively and individually, acting under color of law in carrying out the actions detailed above in this Complaint, and pursuant to municipal policy, custom, or practice, have deprived Plaintiff of its property rights in Wellwood Manor and its redevelopment rights under the Redeveloper Agreement and the Financial Agreement.

51.     Defendants deprived Plaintiff of its property rights when they rejected Plaintiff's request to sell Wellwood Manor and transfer the Financial Agreement to the Purchaser.

52.     The procedures afforded to Plaintiff did not provide due process of law.

53.     The Mayor empaneled an Ad Hoc Committee to consider Plaintiff's request to transfer the Financial Agreement.  The Mayor did not provide any rationale explaining why Perno, Sperrazza, and McCloone were appointed to the Ad Hoc Committee.  The Ad Hoc Committee was not governed by any established procedures, rules or regulations, and was not given any instructions, criteria, factors, or guidance on the facts and information it was required and/or permitted to consider, or the standards, regulations, and laws it was required to apply in making its recommendation.

54.     The Ad Hoc Committee apparently did not keep any records of its meetings with Purchaser nor has its analysis or explanation been made public.

55.     Neither Plaintiff nor Purchaser were provided with an opportunity to hear or respond to the Ad Hoc Committee's recommendation, which was not memorialized in writing but instead presented verbally at a virtual meeting of the Borough Council.  Again, no analysis or explanation has been made public or been provided to Citadel.

56.   The Borough Clerk has not published any minutes of the August 9, 2021 meeting at which the Ad Hoc Committee presented its recommendation to the Borough Council and has not produced the minutes pursuant to Citadel's request.

57.   Even though the Ad Hoc Committee "requested and was provided voluminous documents" and "requested and was granted (2) interviews" with Mr. Haikins and his financial advisor and attorneys, the Borough Council's only justification for its decision was the conclusory statement that transferring the Financial Agreement "would not be in the best interests of the citizens of the Borough of Merchantville."

58.   The Ad Hoc Committee's failure to provide a written recommendation, the Borough Clerk's failure to take and publish minutes of the meeting, and the Borough Council's sparse and conclusory explanation for its decision significantly impede Plaintiff's ability to access any procedures for presentation of evidence to this Court and/or for appealing the Borough Council's August 9, 2021 Resolution (the "Resolution").

59.   Upon information and belief, Defendants have intentionally kept their analysis and explanation private because they know that Purchaser is fully-qualified but need to avoid public scrutiny of their Anti-Semitic bias against the Purchaser and Mr. Haikins, among other reasons.

60.   As a result of Defendants' arbitrary, capricious, irrational, willful, improper, and unlawful acts and omissions, which deprived Plaintiff of its property without due process of law, Plaintiff has suffered, and will continue to suffer, damages.

WHEREFORE, Citadel demands the following relief against Defendants, jointly and severally:

(a)   Compensatory damages;

(b)     Punitive damages;

(c)     Preliminary and permanent injunctive relief;

(d)     Interest;

(e)     Attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988(b);

(f)     Costs of suit; and

(g)     Such other relief as the Court deems just and equitable.

## SECOND COUNT
### (Violation of Substantive Due Process Rights; 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution)

61.     Citadel incorporates by reference each and every allegation contained in paragraphs 1 through 60 as if fully set forth herein.

62.     Among Plaintiff's civil rights is the right not to be deprived of its property without due process of law, including the substantive due process rights protected under the Fourteenth Amendment to the United States Constitution.

63.     The actions of all Defendants, collectively and individually, acting under color of law in carrying out the actions detailed above in this Complaint, and pursuant to municipal policy, custom, or practice, have deprived Plaintiff of its property rights in Wellwood Manor and its redevelopment rights under the Redeveloper Agreement and the Financial Agreement.

64.     Defendants' acts and omissions have deprived Plaintiff of its property rights without due process of law, lacked any legitimate reason, were arbitrary, capricious, irrational, willful, improper, and unlawful, improperly motivated and conscience-shocking.

65.     Among other things, as detailed in this Complaint, Defendants have taken actions unrelated to any legitimate government objective motivated by an unreasonable, irrational, unlawful, and biased animus toward the Purchaser.

13

66.     Purchaser provided Defendants with documentation, and granted two interviews, establishing that Purchaser had the capital, financing, and experience necessary to own, operate, and further develop Wellwood Manor.

67.     If the Financial Agreement were transferred to Purchaser, the Borough would receive more tax revenue than it currently receives from Citadel because Purchaser has offered to pay up to ten (10) percent of the gross rent, which would be substantially more revenue to the Borough given the tax benefits granted by the Financial Agreement, in the Purchase and Sale Agreement to Purchaser.

68.     In light of Purchaser's qualifications and the terms of Purchaser's contract with Citadel, there was no reason for Defendants to reject the transfer of the Financial Agreement to Purchaser.  Instead, Defendants unlawfully rejected Purchaser based on their baseless, incorrect, and biased animus toward members of Haikins' religion.

69.     In the course of their dealings with Purchaser, Citadel has received information that Defendants are concerned that Mr. Haikins, who is of the Orthodox Jewish faith, and the Purchaser will act as slumlords upon the purchase of Wellwood Manor and allow the property to deteriorate, demonstrating an Anti-Semitic bias against Purchaser and Mr. Haikins and to the detriment of Citadel.

70.     The conduct described above was intentional and was intended to injure and harass Plaintiff and obstruct Plaintiff's full enjoyment of its property rights for reasons that were unjustifiable by any legitimate government interest, and shocks the conscience.

71.     As a result of Defendants' arbitrary, capricious, irrational, willful, improper, and unlawful acts and omissions, Plaintiff has suffered, and will continue to suffer, damages.

WHEREFORE, Citadel demands the following relief against Defendants, jointly and severally:

(a)     Compensatory damages;

(b)     Punitive damages;

(c)     Preliminary and permanent injunctive relief;

(d)     Interest;

(e)     Attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988(b);

(f)     Costs of suit; and

(g)     Such other relief as the Court deems just and equitable.

## THIRD COUNT
**(Violation of Equal Protection Rights; 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution)**

72.     Citadel incorporates by reference each and every allegation contained in paragraphs 1 through 71 as if fully set forth herein.

73.     Among Plaintiff's civil rights is the right to equal protection of the laws under the Fourteenth Amendment of the United States Constitution.

74.     The actions of all Defendants, collectively and individually, acting under color of law in carrying out the actions detailed above in this Complaint, and pursuant to municipal policy, custom, or practice, have treated Plaintiff unequally and have denied Plaintiff its right to equal protection under the laws.

75.     Defendants intentionally treated Plaintiff differently from others similarly situated.

76.     Defendants refused to transfer the Financial Agreement to Purchaser, and thereby grant Purchaser tax benefits because it "would not be in the best interests of the citizens of the Borough of Merchantville."

15

77.     On or about January 11, 2021, the Borough granted a tax PILOT application because granting the applicant tax benefits was "in the best interest of the economic development of the Borough of Merchantville" to a developer who, upon information and belief, is not of the Jewish faith.

78.     Upon information and belief, Defendants treated the Purchaser's application to transfer the tax benefits differently than when the Plaintiff himself applied to be the initial developer of the property and/or differently than any other non-Orthodox Jewish developer's application(s).

79.     There is no rational basis for this unequal treatment of Plaintiff and the Purchaser by Defendants.

80.     The Mayor delegated review of Plaintiff's request to the Ad Hoc Committee.

81.     The Borough's Community Planning and Development Department is charged with various functions related to the physical, social, and economic development of the community, including, but not limited to, preparing redevelopment and revitalization plans, working with the Mayor and Council on special planning initiatives, and assisting with the Borough's economic development policies.

82.     On or about April 28, 2008, the Borough Council referred a matter related to the modification of one of the Borough's redevelopment plans to the Planning Board of the Borough of Merchantville.

83.     The Planning Board undertook a review of that matter at its regular public meeting and opened the matter to the public for questions and comments.  The Planning Board then made its recommendation to the Borough Council.

84.     Defendants treated Plaintiff's request to transfer the Financial Agreement and sell property located within a redevelopment area differently from another request to modify a redevelopment plan when the Mayor referred the matter to the Ad Hoc Committee, and not the Planning Board, which considered the matter in closed session without the opportunity for public comment.

85.     There is no rational basis for this unequal treatment of Plaintiff by Defendants.

86.     As a result of Defendants' arbitrary, capricious, irrational, willful, improper, and unlawful acts and omissions, Plaintiff has suffered, and will continue to suffer, damages.

WHEREFORE, Citadel demands the following relief against Defendants, jointly and severally:

(a)     Compensatory damages;

(b)     Punitive damages;

(c)     Preliminary and permanent injunctive relief;

(d)     Interest;

(e)     Attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988(b);

(f)     Costs of suit; and

(g)     Such other relief as the Court deems just and equitable.

**FOURTH COUNT**
**(Violation of Substantive Due Process Rights; N.J.S.A. 10:6-2(c), Article I, Paragraph 1 of the New Jersey Constitution and the Fourteenth Amendment to the United States Constitution)**

87.     Citadel incorporates by reference each and every allegation contained in paragraphs 1 through 86 as if fully set forth herein.

17

88.     N.J.S.A. 10:6-2(c) provides that "[a]ny person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief."

89.     Plaintiff is a person protected by this statute, the United States Constitution, the New Jersey Constitution, and federal and state law.

90.     Among Plaintiff's civil rights is the right not be deprived of its property without due process of law, including the substantive due process rights protected under the Fourteenth Amendment to the United States Constitution, as well as Article I, Paragraph 1 of the New Jersey Constitution and federal and state law.

91.     Plaintiff's rights include the right to use and enjoy its property, both real and personal, including its property rights in Wellwood Manor and its redevelopment rights under the Redeveloper Agreement and the Financial Agreement.

92.     Plaintiff has property rights in and to Wellwood Manor.

93.     The actions of all Defendants, collectively and individually, acting under color of law in carrying out the actions detailed above in this Complaint, and pursuant to municipal policy, custom, or practice, have deprived Plaintiff of its rights, privileges, and immunities secured by the Constitution or the laws of the United States, including having deprived Plaintiff of its property rights without due process of law, lacked any legitimate reason,

were arbitrary, capricious, irrational, willful, improper, and unlawful, improperly motivated and conscience-shocking.

94.     Furthermore, Defendants, individually and collectively, acting under color of law, interfered with or attempted to interfere with Plaintiff's rights, by threats, intimidation or coercion, as alleged above in this Complaint.  Defendants, having made their deal with Citadel to redevelop Wellwood Manor apparently will not allow Citadel to transfer the Wellwood Manor development under any circumstances despite the clear benefits of the transfer to the Borough, thereby coercing Citadel to remain as the owner of the property and depriving Citadel through Defendants' powers of its property rights.

95.     Among other things, as detailed above in this Complaint, Defendants have taken actions unrelated to any legitimate government objective motivated by an unreasonable, irrational, unlawful, and biased animus toward the Purchaser.

96.     The conduct described above was intentional and was intended to injure and harass Plaintiff and obstruct Plaintiff's full enjoyment of its property rights for reasons that were unjustifiable by any legitimate government interest, and shocks the conscience.

97.     As a result of Defendants' arbitrary, capricious, irrational, willful, improper, and unlawful acts and omissions, which were accompanied by threats, intimidation, or coercion, Plaintiff has suffered, and will continue to suffer, damages.

WHEREFORE, Citadel demands the following relief against Defendants, jointly and severally:

(a)     Compensatory damages;

(b)     Punitive damages;

(c)     Statutory penalties under N.J.S.A. 10:6-2(c) and (e);

(d)      Preliminary and permanent injunctive relief;

(e)      Interest;

(f)      Attorney's fees pursuant to N.J.S.A. 10:6-2(c) and (f);

(g)      Costs of suit; and

(h)      Such other relief as the Court deems just and equitable.

## FIFTH COUNT
### (Violation of Equal Protection Rights; N.J.S.A. 10:6-2(c), Article I, Paragraph 1 of the New Jersey Constitution and the Fourteenth Amendment to the United States Constitution)

98.      Citadel incorporates by reference each and every allegation contained in paragraphs 1 through 97 as if fully set forth herein.

99.      Among Plaintiff's civil rights is the right to equal protection of the laws under the Fourteenth Amendment of the United States Constitution and Article I, Paragraph 1 of the New Jersey Constitution.

100.      The actions of all Defendants, collectively and individually, acting under color of law in carrying out the actions detailed above in this Complaint, and pursuant to municipal policy, custom, or practice, have treated Plaintiff unequally and have denied Plaintiff its right to equal protection under the laws.

101.      Defendants intentionally treated Plaintiff differently from others similarly situated.

102.      There is no rational basis for this unequal treatment of Plaintiff by Defendants.

103.      As a result of Defendants' arbitrary, capricious, irrational, willful, improper, and unlawful acts and omissions, which were accompanied by threats, intimidation, or coercion, Plaintiff has suffered, and will continue to suffer, damages.

WHEREFORE, Citadel demands the following relief against Defendants, jointly and severally:

(a)     Compensatory damages;

(b)     Punitive damages;

(c)     Statutory penalties under N.J.S.A. 10:6-2(c) and (e);

(d)     Preliminary and permanent injunctive relief;

(e)     Interest;

(f)     Attorney's fees pursuant to N.J.S.A. 10:6-2(c) and (f);

(g)     Costs of suit; and

(h)     Such other relief as the Court deems just and equitable.

## SIXTH COUNT
### (Breach of Doctrine of Fundamental Fairness)

104.     Citadel incorporates by reference each and every allegation contained in paragraphs 1 through 103 as if fully set forth herein.

105.     The doctrine of fundamental fairness, also known as the fairness and rightness doctrine, serves to protect citizens against unjust and arbitrary governmental action and against governmental actions and procedures that tend to operate arbitrarily, and serves as a bulwark against government action that does not comport with commonly accepted standards of decency of conduct to which governments must adhere.  These doctrines embody the principle that arbitrary and unjust actions by persons acting under color of law are prohibited.

106.     The facts as alleged above in this Complaint establish that Defendants violated these principles of fundamental fairness/fairness and rightness.

107.    As a result of Defendants' arbitrary, capricious, irrational, willful, improper, and unlawful acts and omissions, Plaintiff has suffered, and will continue to suffer, damages.

WHEREFORE, Citadel demands the following relief against Defendants, jointly and severally:

(a)    Compensatory damages;

(b)    Punitive damages;

(c)    Preliminary and permanent injunctive relief;

(d)    Interest;

(e)    Costs of suit; and

(f)    Such other relief as the Court deems just and equitable.

## SEVENTH COUNT
### (Breach of Contract)

108.    Citadel incorporates by reference each and every allegation contained in paragraphs 1 through 107 as if fully set forth herein.

109.    The Agreements between Citadel and the Borough constitute contracts under New Jersey law.

110.    The Borough has breached its contracts with Citadel by wrongfully, arbitrarily and capriciously denying the transfer of Wellwood Manor by Citadel to Purchaser.

111.    As a result of the Borough's breach of the contacts, Citadel has suffered and will continue to suffer damages.

112.    As a result of the Borough's breach of the contracts, Citadel is entitled to both a declaration that the Resolution is invalid and compensatory damages.

22

WHEREFORE, Citadel demands judgment:

(a)    Declaring that the Resolution is arbitrary, capricious, unreasonable, and unlawful;

(b)    Declaring that the Resolution deprived Plaintiff of its property rights without due process of law, and deprived Plaintiff of equal protection of the laws;

(c)    Declaring that the Resolution is invalid;

(d)    Ordering Defendants to consent to the sale of Wellwood Manor and the transfer of the Financial Agreement to Purchaser;

(e)    Awarding compensatory damages; and

(f)    Awarding such other relief as the Court deems just and proper.

## EIGHTH COUNT
### (Breach of Implied Duty of Good Faith and Fair Dealing)

113.    Citadel incorporates by reference each and every allegation contained in paragraphs 1 through 112 as if fully set forth herein.

114.    There is an implied duty of good faith and fair dealing in every contract, including the contracts between Citadel and the Borough.

115.    Citadel has fulfilled all of its obligations under its contracts with the Borough and properly sought consent to transfer in accordance with the contracts.

116.    By acting in a wrongful, arbitrary and capricious manner, the Borough has breached its duty of good faith and fair dealing to Citadel.

117.    As a result of the Borough's breach of its implied duty of good faith and fair dealing, Citadel has suffered and will continue to suffer damages.

118.    As a result of the Borough's breach of the contracts, Citadel is entitled to both a declaration that the Resolution is invalid and compensatory damages.

WHEREFORE, Citadel demands judgment:

(a)    Declaring that the Resolution is arbitrary, capricious, unreasonable, and unlawful;

(b)    Declaring that the Resolution deprived Plaintiff of its property rights without due process of law, and deprived Plaintiff of equal protection of the laws;

(c)    Declaring that the Resolution is invalid;

(d)    Ordering Defendants to consent to the sale of Wellwood Manor and the transfer of the Financial Agreement to Purchaser;

(e)    Awarding compensatory damages; and

(f)    Awarding such other relief as the Court deems just and proper.

## NINTH COUNT
### (Violation of New Jersey Law)

119.    Citadel incorporates by reference each and every allegation contained in paragraphs 1 through 118 as if fully set forth herein.

120.    As set forth above, the denial of the transfer request was arbitrary, capricious, unreasonable and otherwise unlawful under New Jersey law.

121.    As a result of Defendants' unlawful conduct, Citadel has suffered and will continued to suffer damages.

WHEREFORE, Citadel demands judgment:

(a)    Declaring that the Resolution is arbitrary, capricious, unreasonable, and unlawful;

24

(b)   Declaring that the Resolution deprived Plaintiff of its property rights without due process of law, and deprived Plaintiff of equal protection of the laws;

(c)   Declaring that the Resolution is invalid;

(d)   Ordering Defendants to consent to the sale of Wellwood Manor and the transfer of the Financial Agreement to Purchaser;

(e)   Awarding compensatory damages; and

(f)   Awarding such other relief as the Court deems just and proper.


Dated: September 9, 2021

By: */s/ Robert W. Mauriello, Jr.*
        Robert W. Mauriello, Jr.
        Robin Rabinowitz
        GIMIGLIANO MAURIELLO & MALONEY
        A Professional Association
        163 Madison Avenue, Suite 500
        P.O. Box 1449
        Morristown, New Jersey 07962-1449
        (973) 946-8360

        Attorneys for Plaintiff
        Citadel Wellwood Urban Renewal LLC

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands trial by jury on all issues triable of right by a jury.

Dated: September 9, 2021

By: */s/ Robert W. Mauriello, Jr.*

Robert W. Mauriello, Jr.
Robin Rabinowitz
GIMIGLIANO MAURIELLO & MALONEY
A Professional Association
163 Madison Avenue, Suite 500
P.O. Box 1449
Morristown, New Jersey 07962-1449
(973) 946-8360

Attorneys for Plaintiff
Citadel Wellwood Urban Renewal LLC

<u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2</u>

   The undersigned hereby certifies that the matter in controversy is not the subject of any other action in any court or of a pending arbitration or administrative proceeding regarding the August 9, 2021 Resolution, except that there was a prior action arising out of the Borough's June 2020 decision to advise plaintiff that it "will not be considering a Resolution to permit the assumption of the terms, conditions and obligations of this [Financial] Agreement by a transferee urban renewal entity person, partnership and/or corporation" under Docket No. L-2730-20, which action is currently on appeal, and that no other action or arbitration or administrative proceeding is contemplated.

Dated: September 9, 2021

       By: _/s/ Robert W. Mauriello, Jr._____

         Robert W. Mauriello, Jr.
         Robin Rabinowitz
         GIMIGLIANO MAURIELLO & MALONEY
         A Professional Association
         163 Madison Avenue, Suite 500
         P.O. Box 1449
         Morristown, New Jersey 07962-1449
         (973) 946-8360

         Attorneys for Plaintiff
         Citadel Wellwood Urban Renewal LLC